# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARLORITA BATTLE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:11-cv-00013 |
| | ) Judge Haynes |
| A&E TELEVISION NETWORKS, | ) Magistrate-Judge Bryant |
| LLC and WILD EYES | ) |
| PRODUCTIONS, INC., | ) |
| Defendants. | ) |

## [PROPOSED] AMENDED INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01, counsel for the parties submit to the Court this Proposed Initial Case Management Plan and Order.

**I.  Jurisdiction.** This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff initiated this action by filing a Complaint in this Court, and no party disputes that jurisdiction and venue are appropriate in this Court.

**II.  Parties' Theories of the Case**

  A.  <u>Plaintiff's Theory of the Case</u>

This case alleges defamation/false light and intentional infliction of emotional distress resulting from the Defendants production and broadcast of a documentary television program that shows the Plaintiff and her baby visiting Riverbend State Prison without Plaintiff's knowledge or consent. Plaintiff Marlorita Battle went to the Tennessee State Prison at Riverbend to see her husband who was an inmate at the prison. Plaintiff and her family were surreptitiously filmed by the Defendant Wild Eyes Production during this family visit. Following post production and editing of the film, the Defendants broadcast and published the edited film. In

these broadcasts, the Defendants knowingly and recklessly made false, inaccurate, disparaging and damaging statements that Plaintiff was committing indictable offenses under the criminal law involving drugs as she, her husband and their baby met together as a family. These statements made in an edited broadcast constitute defamation and false light and have caused significant emotional distress to the Plaintiff.

B. Defendants' Theory of the Case[1]

Plaintiff has asserted two counts against Defendants: Count I for slander/false light invasion of privacy; and Count II for intentional infliction of emotional distress. The Defendants, A&E Television Networks ("AETN") and Wild Eyes Productions, submit that the case should be dismissed because it violates fundamental constitutional protections.

AETN broadcast, and Wild Eyes Productions produced, the investigative documentary series "The Squad: Prison Police," which focused on the special police force at the Tennessee State Prison. In one of the installments of the documentary series, the State Prison police force investigated and dealt with issues regarding the introduction of drugs into the prison system (the "Documentary Program"). The Documentary Program accurately reports on matters of public concern involving the functioning of law enforcement, a breach in the security of a state prison, and potential corruption of a state employee. The Documentary Program begins by explaining that there is a "breach" in security that is allowing drugs into the prison, and shows various angles that officers use to investigate potential sources of the beach, reporting on the results of each. Included in that Documentary Program were various investigative endeavors, one of which included footage of Plaintiff's visit to her husband, who is serving a lengthy sentence at the State Prison on drug charges. The State Prison police force suspected that the Plaintiff was delivering drugs to her husband; their investigation was accurately shown and the Documentary

---

[1] Defendants AETN and Wild Eyes Productions reserve the right to revise or amend their theories.

4176144

2

Program accurately reported that no drugs were found. Nevertheless, Plaintiff claims that the Documentary Program stated as a matter of fact that she had committed the crime of smuggling drugs into the Prison. Plaintiff's Complaint is at odds with the broadcast Documentary Program, which the Court will see when it reviews the Program. The remainder of the Documentary Program – which comprises the majority – focuses on other investigative angles and makes no mention of Plaintiff.

The Documentary does not make a false and defamatory statement about Plaintiff. It does not state – as Plaintiff claims – that she committed a crime of smuggling drugs. The Documentary Program is an accurate report on a matter of public concern based on information provided by public officials. The Program is constitutionally protected, and is further protected by recognized privileges. In addition, Plaintiff's Amended Complaint is based on her assertion of 'presumed' damages, which is prohibited under long-standing Tennessee law. Defendants submit that the Plaintiff did not suffer any legally cognizable damage which was proximately caused by either of them. In addition, there is no legal or factual basis for punitive damages. The claims should be dismissed.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosures

Pursuant to Fed. R. Civ. P. 26(a)(1), and setting the following schedule on the assumption that there may be a claim or claims remaining following the Court's entry of an order on Defendants' Motion to Dismiss the Amended Complaint, the parties shall make their initial disclosures on or before July 12, 2011.

B. Meeting of Counsel and Parties to Discuss Settlement Prospects

On or before September 19, 2011, counsel and clients shall have a meeting to discuss whether this case can be resolved without further discovery proceedings. This meeting may be arranged to take place face-to-face, telephonically, or by video conference. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall participate in this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C. Other Pretrial Discovery Matters

This action will be set for a jury trial before the Hon. ~~Joseph Haynes, Jr.~~ William J. Haynes, Jr. on __September 11__, 2012, at 9:00 a.m. If this action is to be settled, the Law Clerk shall be notified by noon, __September 7__, 2012. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held __August 20__, 2012, at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All fact discovery shall be completed by close of business on December 19, 2011. This deadline may be extended by the Court upon a showing of good cause. All written discovery shall be submitted in sufficient time so that the response shall be in hand by November 28, 2011, although this deadline does not apply to requests for admission. All discovery related statements shall be filed by close of business on December 28, 2011. No motions related to discovery or for

a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, either face-to-face or by telephone, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline. There shall be no stay of discovery pending disposition of any motions. The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court shall govern.

By the close of business on January 25, 2012, the plaintiff shall declare to the defendants (not to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B), Federal Rules of Civil Procedure.

By the close of business on February 22, 2012, the defendants shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business March 23, 2012. There shall not be any rebuttal expert witnesses. Any <u>Daubert</u> motions shall be filed by close of business April 23, 2012.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least fifteen (15) days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions. Local Rule 39.01(c)(6) relating to expert witnesses shall apply in this action, and strict compliance is required.

All dispositive motions shall be filed by the close of business on or before close of business April 23, 2012. Any response thereto shall be filed by the close of business twenty-eight (28) days after the filing of a summary judgment motion. Any reply shall be filed by the close of business fourteen (14) days after the filing of a response to a summary judgment motion.

It is so **ORDERED**.

ENTERED this the 11th day of April, 2011.

/s/ **John S. Bryant**
JOHN BRYANT, UNITED STATES MAGISTRATE-JUDGE

**APPROVED FOR ENTRY:**

/s/ Robb S. Harvey
Robb S. Harvey (Tenn. BPR No. 11519)
David C. Scott (Tenn. BPR No. 29380)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Phone: (615) 244-6380
Facsimile: (615) 244-6804
E-mail: robb.harvey@wallerlaw.com
& david.scott@wallerlaw.com
*Counsel for A&E Television Networks, LLC
and Wild Eyes Productions, Inc*

/s/ Allen Woods
Allen Woods
Law Offices of Woods and Woods
PO Box 128498
Nashville, TN 37212
*Attorney for the plaintiff*

[BY Robb S. Harvey, *with permission*]